IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE LYNN EATON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 20-273-E |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) |

O R D E R

AND NOW, this 23rd day of March, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[1]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal

---

[1] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

1

court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] For the most part, Plaintiff is simply asking the Court to reweigh the evidence and find that the Administrative Law Judge ("ALJ") erred in formulating her residual functional capacity ("RFC") and in crafting the hypothetical question to the vocational expert. However, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). The Court finds here that substantial evidence does support the ALJ's decision and, therefore, it will affirm.

Plaintiff argues that the July 25, 2019 medical source opinion of Sarah Colson, CRNP, a treating nurse practitioner (R. 1415-17), should have been found by the ALJ to be more persuasive. As Plaintiff points out, for cases such as this one, filed on or after March 27, 2017, the Social Security Administration has promulgated new regulations in regard to the consideration of opinion evidence. *Compare* 20 C.F.R. § 404.1527 *with* 20 C.F.R. § 404.1520c. One of the changes is that the regulations have eliminated the "treating physician rule." *Compare* 20 C.F.R. § 404.1527(c)(2) (applying to cases prior to the amendment of the regulations) *with* 20 C.F.R. § 404.1520c(a) (applying to later cases). *See also* 82 Fed. Reg. 5844-01, at 5853 (Jan. 18, 2017). While the medical source's treating relationship with the claimant is still a valid and important consideration, "the two most important factors for determining the persuasiveness of medical opinions are consistency and supportability." 82 Fed. Reg. at 5853. *See also* § 404.1520c(b) and (c). Although Plaintiff suggests that the ALJ failed adequately to discuss these factors, for the most part she is simply inviting the Court to look at certain record evidence and find on its own that it does not support the ALJ's determination as to the persuasiveness of Ms. Colson's opinion.

Despite Plaintiff's allegations to the contrary, the ALJ properly considered and discussed CRNP Colson's opinion and explained the reasons why she found it to be unpersuasive. She extensively discussed the objective medical evidence, including clinical findings, examination results, and medical imaging results; Plaintiff's treatment history, including surgeries, physical therapy, and medications; and Plaintiff's activities of daily living, including a part-time job that required Plaintiff to perform duties of greater exertion than to what the RFC limited her. (R. 20-23). She contrasted this evidence with Ms. Colson's opined functional limitations. The ALJ further acknowledged that Ms. Colson was a treating source but noted that the basis Ms. Colson gave for her opinion – Chiari malformation and cervical disc herniation – were not the cause of Plaintiff's primary complaint of back pain. (R. 22-23). This analysis properly complied with the directives of Sections 404.1520c, and Plaintiff herself acknowledges that these were proper factors to consider. (Doc. No. 16 at p. 13).

Plaintiff further asserts that the ALJ relied too heavily on the November 28, 2017 opinion of state reviewing agent James Butcofski, M.D., who found that Plaintiff was capable of

performing a limited range of light work. (R. 66-71). As a general matter, even under the regulations governing cases filed prior to March 27, 2017, while an ALJ was required to consider the treating relationship between a claimant and an opining doctor, when the medical opinion of a treating source conflicted with that of a non-treating, or even a non-examining physician, "the ALJ may choose whom to credit." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). *See also Dula v. Barnhart*, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). In certain cases, the ALJ was justified in giving more weight to the non-examining professional's opinion. *See Salerno v. Comm'r of Soc. Sec.*, 152 Fed. Appx. 208 (3d Cir. 2005).

The primary reason given by Plaintiff that the state reviewing agent's opinion should have been found to be less persuasive is that it was "stale." As Plaintiff admits, the fact that an opinion was rendered before other evidence became available does not mean the ALJ was prohibited from affording it substantial weight. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). Plaintiff argues, though, that the opinion was no longer sufficiently current because it was issued prior to the fusion surgery for her sacroiliac joint disfunction. The Court is not persuaded.

Although Plaintiff portrays this surgery as a game changing event, the record does not demonstrate any significantly changed conditions from the date on which Dr. Butcofski's opinion was rendered. Indeed, Dr. Butcofski specifically relied on MRI imaging evidence that remained unchanged from before and after he offered his opinion. (R. 352-53, 529-30). Moreover, the evidence shows that Plaintiff improved after fusion surgery. (R. 975, 990). It is noteworthy that the opinion that Plaintiff argues should have been found more persuasive, that of CRNP Colson, makes no mention of Plaintiff's sacroiliac joint disfunction, nor does it indicate that her opinion only dated back to the date of Plaintiff's surgery. (R. 1415-17). More importantly, while there is, of course, evidence to which the state reviewing agent had no access, the ALJ was aware of and considered and discussed this evidence in evaluating the opinions. Indeed, she was clearly aware of Plaintiff's sacroiliac joint disfunction, listing it as a severe impairment and discussing evidence of Plaintiff's treatment for this condition. (R. 17, 20-21).

Regardless, although the ALJ considered Dr. Butcofski's opinion and found it to be persuasive, she did not adopt it wholesale. While the RFC crafted by the ALJ was similar to Dr. Butcofski's opinion, it differed in several ways and was formulated based, not just on that opinion, but on the evidence as a whole. This is precisely what an ALJ is supposed to do. *See Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006) ("Surveying the medical evidence to craft an RFC is part of an ALJ's duties."); *Mays v. Barnhart*, 78 Fed. Appx. 808, 813 (3d Cir. 2003). All of this constitutes substantial evidence in support of the ALJ's findings, especially in light of the United States Supreme Court's reminder that the threshold for meeting the substantial evidence standard "is not high." *Biestek*, 139 S. Ct. at 1154. While Plaintiff offers an alternative analysis of the evidence, the Court emphasizes that "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009).

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 15) is DENIED and that Defendant's Motion for Summary Judgment (document No. 19) is GRANTED as stated herein.

s/Alan N. Bloch<br>
United States District Judge

ecf:        Counsel of record